STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE,

Plaintiff

v.

ZACKARY PEARSON

Defendant

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-07-1451

JAW -CUM-11/14/2007

ORDER & DECISION



## BACKGROUND

The defendant was charged with four counts of robbery on June 13, 2007 and was indicted on July 6. The State filed a notice of joinder on July 6, joining Pearson's case with those of six other defendants who were also accused of being involved in the robbery. Pearson filed the present motion for relief from prejudicial joinder on September 17. For the reasons discussed below, the court denies the motion.

## DISCUSSION

While "the court must balance the general policy in favor of joint trials against the prejudice to a defendant which may result," the court is also afforded "substantial discretion" to grant or deny a motion to sever. *State v. Lakin*, 2006 ME 64, ¶¶ 7-8, 899 A.2d 777, 779. The burden is on the moving party "to show facts prior to trial that a joint trial would result in prejudice." *Id.* Here, the defendant has asserted that introduction of certain admissions made by his co-defendants would violate his constitutional right to confront the witnesses against him, as the United States Supreme Court decided in *Bruton v. U.S.*, 391 U.S. 123 (1968).

The Law Court recently discussed the *Bruton* holding in *Lakin*, and reiterated that when defendants are tried together in a single trial, an admission of a non-testifying

defendant that implicates a co-defendant may not be used. *Id.* n.2, 899 A.2d at 778. To do so violates the Confrontation Clause of the Sixth Amendment because the co-defendant is prevented from cross-examining a non-testifying defendant about the admission. *Id.* In these cases, it is appropriate to exclude or redact the admission, sever the trials, or empanel multiple juries. *Id.* ¶ 5, 899 A.2d at 778. The Law Court upheld the trial court's decision not to sever the trials of the two defendants, however, because the State had agreed not to use either of the inculpatory statements, and the presentation of mutually antagonistic defenses was not a ground for severance. *Id.* ¶¶ 5-13, 899 A.2d at 778-79.

In an earlier case, the Law Court discussed several post-Bruton decisions of the United States Supreme Court, and ultimately determined that even when a confession is redacted to exclude reference to a co-defendant, it may inappropriately implicate that co-defendant. *State v. Boucher*, 1998 ME 209, ¶¶ 11-16, 718 A.2d 1092, 1095-96. The Court acknowledged that "a fair deletion of all references, express or implied, to any other defendant is a proper and approved method of avoiding prejudice and the Bruton dilemma." *Id.* ¶ 12, 718 A.2d at 1095 (*quoting State v. Wing*, 294 A.2d 418, 422 (Me. 1972).) However, because testimony from witnesses indicated that four individuals were involved in the crime and the witnesses named three of the four participants, the deletion of the co-defendant from a defendant's confession was not enough to satisfy the requirements of Bruton, because the confession "obviously referred directly to [the codefendant]." *Id.* ¶ 16, 718 A.2d at 1096. Yet in spite of the Bruton violation, the Court affirmed the conviction because the inappropriately admitted confession was merely

cumulative, and "was entirely consistent with the rest of the State's evidence." *Id.* ¶¶ 20-21, 718 A.2d at 1097. [1]

In this case, there were seven defendants initially charged with robbery. One defendant has already entered a plea and is available to testify. Three of the seven defendants, including the defendant who has entered a plea, gave statements to the police that implicate Pearson in the robbery. If the State sought to admit those statements into evidence through the law enforcement officer who took them, and not through the defendants who made them, Pearson's confrontation clause rights could be violated, as would those of every other defendant implicated by the statement who chooses not to testify. Redacting the statements to exclude any reference to the existence of any other defendant would be appropriate.

However, the mere possibility of a Bruton violation does not necessarily require severance (see footnote), and the State may choose to present its case in a way that does not present Bruton problems. Furthermore, the defendant's concerns about Bruton problems can be raised in a motion in limine or can be addressed at trial by the trial judge.

## CONCLUSION

The defendant's motion for relief from prejudicial joinder is DENIED.

DATED: November 13, 2007

Joyce A. Wheeler, Justice

---

[1] It is also important to note that the Court upheld the trial court's decision not to sever the trials because the defendant hadn't alleged anything other than the possibility of a Bruton violation. *Id.*¶ 10, 718 A.2d at 1095. Although there was indeed a Bruton violation, it would have been possible for the State to present the confession in a way that didn't violate the co-defendant's rights. *Id.* The only other arguments that Pearson has made for severance are that the statements will directly contradict his defense theory, and that the statements would be inadmissible hearsay if the trials were severed. However, the Law Court has said that mutually antagonistic defenses are not grounds for severance. *Lakin*, 2006 ME 64, ¶ 12, 899 A.2d 780.

STATE OF MAINE

NOTARY PEARSON
BOX 1894
GORHAM ME 04062

DOB: 11/05/1988
Attorney: ROBERT LEBRASSEUR
         PROLMAN & LEBRASSEUR, PC
         482 CONGRESS ST. SUITE 300
         PORTLAND ME 04101
         APPOINTED 06/19/2007

SUPERIOR COURT
CUMBERLAND, ss.
Docket No- PORSC-CR-2007-01451

**DOCKET RECORD**

State's Attorney: STEPHANIE ANDERSON

Charge(s)

| 1 | ROBBERY | | | | 05/29/2007 SCARBOROUGH |
| Seq 4294 | 17-A | 651(1)(E) | | Class A | |

| 2 | ROBBERY | | | | 05/24/2007 SCARBOROUGH |
| Seq 4294 | 17-A | 651(1)(E) | | Class A | Charged with COMPLAINT on Suppleme |
| ROUSE | | / SCA | | | |

| 3 | ROBBERY | | | | 05/24/2007 SCARBOROUGH |
| Seq 4884 | 17-A | 651(1)(B)(1) | | Class B | Charged with COMPLAINT on Suppleme |
| ROUSE | | / SCA | | | |

| 4 | ROBBERY | | | | 05/24/2007 SCARBOROUGH |
| Seq 4884 | 17-A | 651(1)(B)(1) | | Class B | Charged with COMPLAINT on Suppleme |
| ROUSE | | / SCA | | | |

Docket Events:

FILING DOCUMENT - CASH BAIL BOND FILED ON 05/31/2007

05/31/2007 BAIL BOND - $50,000.00 SURETY BAIL BOND FILED ON 05/31/2007

    Bail Amt: $50,000          Surety Type: SINGLE              Surety Value: $100,000
    County: CUMBERLAND          County Book ID: 25140 Book Page: 343
    Date Bailed: 05/29/2007     Prvdr Name: KELLY L PEARSON
    Lien Issued: 05/29/2007     Rtrn Name: KELLY L PEARSON
    Lien Discharged:
    THIRD PARTY. SEE CONDITIONS.
    Charge(s): 1
    HEARING - INITIAL APPEARANCE SCHEDULED FOR 06/18/2007 @ 8:30

    NOTICE TO PARTIES/COUNSEL
    Charge(s): 1,2,3,4
    SUPPLEMENTAL FILING - COMPLAINT FILED ON 06/13/2007

    Plu
      Charge(s): 1,2,3,4
    MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 06/19/2007

    Charge(s): 1,2,3,4

MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 06/19/2007
THOMAS E DELAHANTY II, JUSTICE
COPY TO PARTIES/COUNSEL                                    DEFENDANT IS
PRESENTLY INDIGENT AND SHALL RETURN TO COURT ON OR BEFORE 7-31-07 TO BE REEXAMINED AS TO
INDIGENCY. IT IS FURTHER ORDERED THAT THE DEFENDANT SHALL SEEK EMPLOYMENT.
Party(s): ZACKARY PEARSON
ATTORNEY - APPOINTED ORDERED ON 06/19/2007

Attorney: ROBERT LEBRASSEUR
Charge(s): 1
HEARING - INITIAL APPEARANCE HELD ON 06/18/2007
JOYCE A WHEELER , JUSTICE
DA: MEGIN ELAM            Reporter: KIMBERLY MCCULLOCH
Defendant Present in Court

SAME BAIL CONTINUED WITH ADDED CONDITIONS.                        RS
BAIL BOND - $50,000.00 SURETY BAIL BOND CONTINUED AS POSTED ON 06/18/2007
JOYCE A WHEELER , JUSTICE
WITH ADDED CONDITIONS.                                           RS
HEARING - STATUS CONFERENCE SCHEDULED FOR 08/27/2007 @ 11:00

Charge(s): 1,2,3,4
SUPPLEMENTAL FILING - INDICTMENT FILED ON 07/06/2007

RS
HEARING - STATUS CONFERENCE NOT HELD ON 07/06/2007

DEFENDANT INDICTED.                                              RS
Charge(s): 1,2,3,4
HEARING - ARRAIGNMENT SCHEDULED FOR 08/27/2007 @ 11:00 in Room No.  7
WILLIAM BRODRICK , JUSTICE
RS
Charge(s): 1,2,3,4
HEARING - ARRAIGNMENT NOTICE SENT ON 07/11/2007

RS
OTHER FILING - NOTICE OF JOINDER FILED BY STATE ON 07/06/2007

CASE JOINED WITH CR07-1410, 07-1441, 07-1409, 07-1444, 07-1408, 07-1443.
Charge(s): 1,2,3,4
HEARING - ARRAIGNMENT HELD ON 08/27/2007
WILLIAM BRODRICK , JUSTICE
Attorney: HEATHER GONZALES
DA: MEGIN ELAM            Reporter: JANETTE COOK
Defendant Present in Court

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS. SAME BAIL CONTINUED.      RS
Charge(s): 1,2,3,4
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 08/27/2007

BAIL BOND - $50,000.00 SURETY BAIL BOND CONTINUED AS POSTED ON 08/27/2007
WILLIAM BRODRICK , JUSTICE

ALREADY POSTED. WITH CONDITIONS.                                          RS
09/04/2007 TRIAL -  DOCKET CALL SCHEDULED FOR 02/22/2008 @ 8:30 in Room No.   11
ROLAND A COLE , JUSTICE
RS
          MOTION -  MOTION FOR FUNDS FILED BY DEFENDANT ON 08/03/2007


          EX PARTE
          MOTION -  MOTION FOR FUNDS GRANTED ON 08/07/2007
WILLIAM  BRODRICK , JUSTICE
COPY TO PARTIES/COUNSEL                                              EX-PARTE
                                             TOTAL AMOUNT APPROVED FOR A
PRIVATE INVESTIGATOR $500.00.
                              MRP
      /2007 Charge(s): 1,2,3,4
TRIAL -  DOCKET CALL SCHEDULED FOR 02/08/2008 @ 8:30 in Room No.   11
ROLAND A COLE , JUSTICE
          Charge(s): 1,2,3,4
MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 09/14/2007


          Charge(s): 1,2,3,4
MOTION -  MOTION RELIEF PREJUDICIAL JOIN FILED BY DEFENDANT ON 09/14/2007


          HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 11/06/2007 @ 2:00 in Room No.   7

          NOTICE  TO PARTIES/COUNSEL
          HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 09/28/2007


          Charge(s): 1,2,3,4
          HEARING -  MOTION RELIEF PREJUDICIAL JOIN SCHEDULED FOR 11/06/2007 @ 2:00 in Room No.   7

          Charge(s): 1,2,3,4
          HEARING -  MOTION RELIEF PREJUDICIAL JOIN NOTICE SENT ON 09/28/2007


          HEARING -  MOTION TO SUPPRESS CONTINUED ON 11/06/2007
JOYCE A WHEELER , JUSTICE
Attorney: ROBERT LEBRASSEUR
DA: JULIA SHERIDAN          Reporter: PENNY PHILBRICK-CARVER
Defendant Present in Court


          FOR 1/2 HOUR HEARING                                          TSK
          HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 11/21/2007 @ 1:00 in Room No.   7

          NOTICE  TO PARTIES/COUNSEL                                    TSK
          HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 11/15/2007
          KELLEY , ASSISTANT CLERK-E
          Charge(s): 1,2,3,4
          MOTION -  MOTION RELIEF PREJUDICIAL JOIN UNDER ADVISEMENT ON 11/06/2007
JOYCE A WHEELER , JUSTICE
          Charge(s): 1,2,3,4
          HEARING -  MOTION RELIEF PREJUDICIAL JOIN NOT HELD ON 11/06/2007
JOYCE A WHEELER , JUSTICE
Attorney: ROBERT LEBRASSEUR

D/.: JULIA SHERIDAN          Reporter: PENNY PHILBRICK-CARVER
Defendant Present in Court

PSK
HEARING - MOTION TO SUPPRESS NOT HELD ON 11/15/2007

WITHDRAWN BY PHONE
                                                                    MRP
/2007 Charge(s): 1,2,3,4
MOTION - MOTION TO SUPPRESS WITHDRAWN ON 11/15/2007

BY PHONE
                                                                    MRP
/20 Charge(s): 1,2,3,4
MOTION - MOTION RELIEF PREJUDICIAL JOIN DENIED ON 11/14/2007
JOYCE A WHEELER , JUDGE

ATTEST:  __ _____
                    Clerk